IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHEAL TYRONE JOSEPH JOYCE**                                                    **PLAINTIFF**
**ADC #150227**

v.                                    Case No. 3:24-cv-00226-KGB

**JAMES SMITH, Doctor,**
**Grimes Unit**                                                                   **DEFENDANT**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Joe. J. Volpe (Dkt. No. 37) recommending that the Court grant defendant James Smith, M.D.'s motion for summary judgment on exhaustion (Dkt. No. 29). Plaintiff Micheal Tyrone Joseph Joyce has filed objections to the Recommendation (Dkt. No. 38). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 37). Therefore, the Court denies as moot Dr. Smith's pending motion for extension of time (Dkt. No. 39).

### I.  Background

Mr. Joyce, currently confined in the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2.). Mr. Joyce sued James Smith, M.D., a physician at the Grimes Unit for failing to provide him with constitutionally adequate medical care for hip and knee pain (Dkt. No. 2, at 4). Dr. Smith filed a motion for summary judgment arguing that the case should be dismissed without prejudice because Mr. Joyce failed to exhaust properly his administrative remedies (Dkt. No. 29). Mr. Joyce responded to the motion for summary judgment (Dkt. No. 35). Judge Volpe issued his Recommendation that this

Court grant the motion for summary judgment and dismiss without prejudice the case for failure to exhaust administrative remedies. Mr. Joyce filed objections to the Recommendation (Dkt. No. 38).

**II.    Analysis**

The Court writes separately to address Mr. Joyce's objections (Dkt. No. 5). In the Recommendation, Judge Volpe finds that Mr. Joyce failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") (Dkt. No. 37, at 4–7). Mr. Joyce objects stating first that the grievance supervisor is wrong if she states that she reviewed his grievance history from 2022 because he was not incarcerated in December 2022 (Dkt. No. 38, at 1), but the medical grievance supervisor states that she has a record of three medical grievances submitted by Mr. Joyce during the time period between December 2022 and December 2024, not that Mr. Joyce was incarcerated and submitting grievances during that entire time frame.

Mr. Joyce further argues that his "medical jacket" shows sufficient evidence to support his allegations of complaints about a knee injury, medical restrictions, and a tear in his right knee (*Id.*). Mr. Joyce maintains that "[i]n grievance # GR-24-286 the problem solver was the problem and rendered the procedure opaque because the infirmary has known since 4-26-23 that this injury occurred." (*Id.*). Mr. Joyce argues that "[t]hrough promises, false resolutions, and intimidation by the HSA and DON my available remedies were forced and/or taken from my control." (*Id.*). Mr. Joyce references *Ross v. Blake*, 578 U.S. 632, 644 (2016), and he asserts that he was thwarted from taking advantage of the grievance procedure. However, in *Ross* both parties submitted evidence that the warden routinely dismissed grievances as procedurally improper without addressing the merits. In Mr. Joyce's case, the grievance was considered at the first level, but Mr. Joyce did not proceed to the next level of the grievance process by appealing (Dkt. No. 31-1, at 6). Mr. Joyce

does not offer any evidence to support his assertion that he was intimidated by members of the health services staff not to proceed with the grievance process.

Mr. Joyce's objections assert that he "grieved" his knee and hip pain, but, as support for his grievances, Mr. Joyce offers his complaints to health services staff and his accounts of treatment that he received that he asserts was inadequate.  Mr. Joyce's complaints to the health services staff are not sufficient to meet the exhaustion requirements of the PLRA which, as set forth in detail in Judge Volpe's Recommendation, require that Mr. Joyce meet the procedural requirements of the grievance process that the ADC has adopted (Dkt. No. 37, at 2–3).  Health services rejected the only grievance Mr. Joyce submitted related to his knee issues because Mr. Joyce had not reported any knee issues within the time period in which to file a grievance (Dkt. No. 31-1, at 3).  Mr. Joyce did not appeal the decision by staff, as he was required to do under the ADC policy (Dkt. No. 37, at 5).  On the record before the Court at this stage in the proceedings, the Court cannot conclude that Mr. Joyce exhausted a grievance related to his hip and knee pain or that Dr. Smith or anyone else on the health services or ADC staff prevented Mr. Joyce from doing so.

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. Joyce's objections break no new ground and fail to rebut the Recommendation.  Thus, the Court agrees with the Recommendation and adopts it as its findings in its entirety (Dkt. No. 37).

**III.   Conclusion**

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 37).  Therefore, it is ordered that:

1. The Court dismisses Mr. Joyce's complaint without prejudice for failure to exhaust administrative remedies (Dkt. No. 2);

2.	The Court grants the pending motion for summary judgment on exhaustion (Dkt. No. 29);

3.	The Court denies as moot Dr. Smith's pending motion for extension of time (Dkt. No. 39);

4.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 29th day of December, 2025.

_____
Kristine G. Baker
Chief United States District Judge